Elvina CANNON, Temporary Administratrix of the Estate of Ellen Hicks, Deceased, Appellant,

v.

Nelson L. LEMON and Thelma Moore, Individually and d/b/a United Real Estate Property Management, Appellees.

No. B14–91–01061–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 1992.
Rehearing Denied Jan. 7, 1993.

Alton C. Todd, W. Russ Jones, Ervin A. Apffel, Jr., Houston, for appellant.

John Eckel, Michael B. Hughes, Houston, for appellees.

Before MURPHY, CANNON and MORSE, JJ.

## OPINION

MORSE, Justice (sitting by designation).

Elvina Cannon, temporary administratrix of the estate of Ellen Hicks, deceased, appeals from the trial court's judgment dismissing her claims against both appellees and granting Moore's motion for summary judgment based on the statute of limitations. We affirm.

On October 21, 1987, a fire occurred at a house rented by Ellen Hicks. The house was owned by Lemon, and had been leased and managed on his behalf by Moore through her company, United Real Estate Property Management. Ellen Hicks, age eighty-one, perished in the fire due to smoke inhalation. There were no smoke detectors installed in the dwelling, and none had been requested by Ellen Hicks.

On June 12, 1989, Elvina Cannon was appointed temporary administratrix of the estate of Ellen Hicks by the Galveston County Probate Court. On August 24, 1989, Cannon filed a survival action against Lemon. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon Supp.1990). In April and May of 1989, Cannon added Moore and United Real Estate Property Management as defendants in the suit by way of her Second and Third Original Amended Petitions. After the Third Original Amended Petition was filed, Lemon filed his First Special Exceptions. In response to his special exceptions, Cannon filed her Fourth Amended Original Petition. Lemon filed special exceptions, as did Moore, to the Fourth Amended Original Petition. In these special exceptions, appellees complained that Cannon had failed to state a cause of action and that Chapter 92 of the Texas Property Code provided the exclusive remedy for failure to install a smoke detector, and thus, any other common law or statutory claims were pre-empted. *See* TEX.PROP.CODE ANN. § 92.260 et seq. (Vernon 1984). On November 26, 1990, Cannon amended her pleadings and filed her Fifth Amended Original Petition. In that petition, Cannon pled for recovery under Chapter 92. Appellees again filed special exceptions to the petition arguing among other things that Cannon had still failed to state a cause of action because she did not allege the requisite request and notice had been given to Lemon as required by section 92.-259(a) of the Texas Property Code. Moore also excepted on statute of limitations grounds. On April 3, 1991, Cannon filed her Sixth Amended Original Petition. In that petition Cannon alleged negligence, gross negligence, breach of the implied warranty of habitability, violations under the Texas Deceptive Trade Practices–Consumer Protection Act, and violations under

the Texas Property Code, specifically TEX. PROP.CODE ANN. § 92.260 et seq., commonly known as the Texas Smoke Detector Statute. She further claimed that Ellen Hicks was a person *non compos mentis* and as such was excused from complying with the request and notice requirements under section 92.259(a). Cannon alleged that any notice provision was "unconstitutional and violated Article 1 § 13 of the Texas Constitution" as applied to Ellen Hicks.

Appellees subsequently filed motions to dismiss based on Cannon's failure to properly amend her pleadings in compliance with the trial court's Special Exception Order of April 8, 1991. Moore also filed a motion for summary judgment based on the statute of limitations. On September 5, 1991, the trial court entered a judgment for the appellees. In that judgment, the trial court stated that it was dismissing Cannon's claims against the appellees because Cannon did not allege that written notice was given by Ellen Hicks as required by the Texas Smoke Detector Statute, and that mental incapacity was not an exception or excuse for failure to give the required notice. The court stated that notice, as required under the Texas Smoke Detector Statute, is a condition precedent to the duty of the appellees to install a smoke detector under the statute. The court also found that the Texas Smoke Detector Statute preempted all other causes alleged by Cannon, and that the claims against Moore and United Real Estate Property Management were barred by the two year statute of limitations. The court went on to state that it was not dismissing the case because Cannon had failed to amend her pleadings, but because the required written notice was never given by Ellen Hicks pursuant to the statute. Cannon perfected this appeal.

■ We first note that the only grounds of error assigned by Cannon in this appeal address the trial court's dismissal of her cause of action under the Texas Smoke Detector Statute and the granting of the summary judgment based on the statute of limitations. Cannon has failed to assign any error as to her claims of negligence, gross negligence, breach of the implied warranty of habitability, and her claim under the Texas Deceptive Trade Practices–Consumer Protection Act. Grounds of error not assigned by point of error in the Court of Appeals are waived. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990).[1] Therefore, the trial court's dismissal of these claims is affirmed.

In her first three points of error, Cannon alleges that the trial court erred dismissing her claim under the Texas Smoke Detector Statute. She contends that the trial court erred in its determination that Ellen Hicks was required to request appellees to install a smoke detector and to give written notice of her intention to seek remedies for failure to install the smoke detector. Cannon asserts that Ellen Hicks was not required to give notice as required by the statute because she was *non compos mentis* and therefore, unable to give the required notice.

■ In reviewing a trial court's order sustaining special exceptions and dismissing for failure to state a cause of action, the appellate court is required to accept all the factual allegations set forth in the pleadings as true. *Dierlam v. Clear Lake Hosp.*, 593 S.W.2d 774, 775–6 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ); *see Jacobs v. Cude*, 641 S.W.2d 258, 261

---

1. We wish to note that even if Cannon had challenged the trial court's dismissal of her common law claims and her claim under the Texas Deceptive Trade Practices–Consumer Protection Act, we would have affirmed the dismissal of those causes of action. The Texas Smoke Detector Statute provides, in pertinent part:

> The duties of a landlord and the remedies of a tenant under this subchapter are in lieu of common law, other statutory law, and local

ordinances regarding a residential landlord's duty to install, inspect or repair a smoke detector in a dwelling unit.

TEX.PROP.CODE ANN. § 92.252(a) (Vernon Supp. 1990). This section has been held to mean that the Texas Property Code concerning smoke detector liability provides an exclusive remedy and expressly preempts any other basis of liability. *Garza–Vale v. Kwiecien*, 796 S.W.2d 500, 504 (Tex.App.—San Antonio 1990, writ denied).

(Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Thus, we must accept as true Cannon's allegation that Ellen Hicks was *non compos mentis.* The issue presented here then, is whether a person who is *non compos mentis* must request that a smoke detector be installed and give notice of her intent to pursue her remedies under the statute when the request is not complied with, or whether such a person is excused from the conditions in the statute because of her mental condition.

The Texas Smoke Detector Statute mandates that a landlord shall install smoke detectors in dwelling units. TEX.PROP.CODE ANN. §§ 92.255–92.256 (Vernon 1984). However, a landlord is only liable for failing to install a smoke detector if:

> (1) after the tenant requested the landlord to install ... a smoke detector in the tenant's dwelling unit as required by this subchapter, the landlord did not install the smoke detector ... within a reasonable time after the tenant's notice ... considering the availability of material, labor, and utilities; and
>
> (2) the landlord does not install ... the smoke detector on or before the seventh day after the date the tenant gives the landlord written notice that the tenant may exercise his remedies under this subchapter if the landlord does not comply with the request within seven days.

TEX.PROP.CODE ANN. § 92.259(a) (Vernon 1984). Here, it is undisputed that tenant Ellen Hicks never gave appellees a section 92.259(a)(1) request or a section 92.259(a)(2) notice. The request and the notice provisions of section 92.259(a) are conditions precedent to landlord liability for failure to install a smoke detector. *Garza–Vale v. Kwiecien,* 796 S.W.2d 500, 504 (Tex.App.—San Antonio 1990, writ denied). Without evidence of compliance with the conditions, there is no basis of liability. *Id.*

Cannon argues that Ellen Hicks could not give the required request and notice under section 92.259(a) because she was mentally incapacitated, and therefore, was not required to do so. The statute does not provide for any exceptions or excuses. If the legislature had intended an exception

for mental incapacity or any other incapacity it could have engrafted it into the statute. Cannon tries to distinguish the holding in *Garza–Vale* on the basis of the mental capacity of the tenants in each case. She argues that the tenant in *Garza–Vale* was not mentally incapable of giving the required request and notice, but Ellen Hicks was, so the case is inapplicable. We disagree. In *Garza–Vale,* the tenant was not the party suing under the statute. In that case, a personal representative brought suit to recover for the death of a man who was a guest of the tenant. *Id.* The tenant had never given the necessary request and notice to the landlord, and the San Antonio Court of Appeals held that this barred the guest from recovering under the statute. *Id.* Those facts seem even more egregious to us than those in Ellen Hicks' case. If a guest who could not possibly comply with the statute cannot recover because the tenant failed to meet the conditions precedent, neither can a tenant who failed to comply with the statute due to mental incapacity.

Cannon also seems to be making some argument that appellees can still be liable under the statute even though no request was made and no notice was given. In a convoluted argument, she contends that since a landlord has a mandatory duty to install a smoke detector, he is liable if he fails to do so even if there has been no request and no notice by the tenant. Cannon runs through every section of the statute relating to a landlord's duty to install, inspect and repair smoke detectors to support her argument. Cannon has construed every section of the statute except the applicable one. We agree that a landlord does have a duty to install a smoke detector; however, a landlord's liability arises only after the requirements of section 92.-259(a) are met. *Garza–Vale,* 796 S.W.2d at 504. Her argument is without merit.

In that Ellen Hicks failed to comply with the requirements of the statute, and the statute contains no exceptions, we overrule Cannon's first three points of error.

In points of error four, five, and six, Cannon argues that the trial court erred in

finding that the request and notice requirements of the Texas Smoke Detector Statute did not violate numerous sections of the Texas and United States Constitutions. As always, we begin our analysis with the presumption that the statute is constitutional. *In re Estate of Touring*, 775 S.W.2d 39, 42 (Tex.App.—Houston [14th Dist.] 1989, no writ).

We will first consider Cannon's claim as to Article 1, Section 13 of the Texas Constitution, commonly referred to as the "open courts provision." Cannon contends that the Texas Smoke Detector Statute violates the open courts provision. The open courts provision prevents the legislature from unreasonably or arbitrarily restricting common-law causes of action. *Garza–Vale*, 796 S.W.2d at 505. The provision ensures that "Texas citizens bringing common law causes of action will not unreasonably be denied access to the courts." *Suber v. Ohio Medical Prods., Inc.*, 811 S.W.2d 646, 650 (Tex.App.—Houston [14th Dist.] 1991, no writ) (*citing Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983)). A litigant seeking relief under the open courts provision must demonstrate that: (1) she has a cognizable common law cause of action; and (2) the cause of action has been has been unreasonably restricted when balanced against the purpose and the basis of the statute. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex.1990). Cannon cannot clear the first hurdle; she has no cognizable common law cause of action.

The Texas Legislature passed the Texas Smoke Detector Statute in 1981. Act of June 16, 1981, ch. 749, 1981 Tex.Gen.Laws 2742, repealed by Texas Property Code, ch. 576, § 6, 1983 Tex.Gen.Laws 3475, 3729. In enacting this statute, the legislature was creating a cause of action against a landlord which was completely unknown at common law. *Garza–Vale*, 796 S.W.2d at 506. Since this cause of action is not one that was recognized at common law, there can be no violation of Article I, Section 13.[2]

Cannon also claims that the request and notice requirements violate Article I, Section 19, the due process clause of the Texas Constitution. Specifically she claims that the "request" provision of section 92.-259(a)(1) is vague and therefore violates procedural due process, and that the notice requirement is unconstitutional as applied to Ellen Hicks.

Cannon argues that section 92.259(a) is vague in terms of what, if anything, is required of a tenant in a "request to install," and therefore violates procedural due process. We disagree. Black's Law Dictionary defines request as follows: "To ask for something or for permission or authority to do, see, hear, etc., something; to solicit." Black's Law Dictionary 1172 (5th ed. 1979). Thus, by its plain language, a "request to install" means that a tenant must ask the landlord to install a smoke detector. We assume that Cannon believes the language is vague because it does not state whether the request must be oral or in writing, however, section 92.259(b) states: "If a tenant's lease is in writing, the lease may require the tenant to make

2. During oral argument, Cannon argued that a common law right of recovery did exist through the implied warranty of habitability. In 1978, the Texas Supreme Court recognized an implied warranty of habitability in residential leases. *Kamarath v. Bennett*, 568 S.W.2d 658, 660–61 (Tex.1978). The court held that this warranty means "that at the inception of the rental lease there are no latent defects in the facilities that are vital to the use of the premises for residential purposes and that these essential facilities will remain in a condition which makes the property livable." *Id.* at 661. Following this decision, the Texas legislature superseded it by enacting a statute creating a limited landlord duty to repair and abrogating the implied warranty. McSwain and Butler, *The Landlord's Statutory Duty to Repair–Article 5236f: The Leg-* *islative Response to Kamarath v. Bennett*, 32 BAYLOR L.REV. 1, 1 (1980). We have found no Texas decision applying these principles to a landlord's failure to install a smoke detector; however, other jurisdictions have held that a landlord has no common-law duty to install smoke detectors. *Garza–Vale*, 796 S.W.2d at 503 (*citing State v. White*, 204 Conn. 410, 528 A.2d 811, 820 (1987); *Webster v. Heim*, 80 Ill. App.3d 315, 35 Ill.Dec. 624, 625–26, 399 N.E.2d 690, 691–92 (1980); *Mcintosh v. Moscrip*, 138 A.D.2d 781, 525 N.Y.S.2d 420, 421 (1988)). We agree with these decisions. There is no common-law cause of action against a landlord for failure to install a smoke detector. The only remedy available is through the Texas Smoke Detector Statute.

the initial request for installation, inspection, or repair in writing." TEX.PROP.CODE ANN. § 92.259(b) (Vernon 1984). Therefore, it seems obvious that an oral request is sufficient unless the lease requires it to be in writing. There is nothing vague or ambiguous about a "request to install," and therefore the section does not violate the mandates of procedural due process.

 Article I, Section 19 provides:

No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

TEX. CONST. art. I, § 19. This section contains the traditional due process guarantee which corresponds to that found in the federal constitution. *See Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983). The standard of review for a substantive due process challenge is whether the statute in question has a reasonable relation to a proper legislative purpose, and whether it is arbitrary or discriminatory. If the law is related to a proper legislative purpose and is not arbitrary or discriminatory, it is constitutionally sound under the due process clause. *Garza–Vale*, 796 S.W.2d at 505, *citing Nebbia v. New York*, 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934).

A review of the entire Texas Smoke Detector Statute clearly reveals that the legislature properly balanced the goal of encouraging landlords to install smoke detectors with that of protecting them from unlimited liability. *Garza–Vale*, 796 S.W.2d at 505. The purpose of the statute is to encourage landlords to install smoke detectors for the protection of their property and tenants, and to prevent landlords from being subjected to unlimited liability by requiring tenants to take the proper steps to insure that landlords install smoke detectors. The means by which the legislature accomplished its purposes was by requiring a landlord to install a smoke detector, while at the same time limiting his liability to those cases in which the tenant had requested that one be installed and had

given notice when the request was not met within the statutory time limit. Thus, there is a rational relationship between the purpose of the statute and its means, and the due process guarantees of Article I, Section 19 have not been violated. The fact that the statute precludes landlord liability in the absence of tenant compliance with the conditions precedent merely restricts the class of proper plaintiffs and deprives Ellen Hicks of nothing. *See Id.* The restriction of the class of proper plaintiffs is not arbitrary or discriminatory. The conditions precedent apply equally to all tenants without singling out any person or group. Enforcing the statute as written, with no exceptions, does not deny Ellen Hicks due process.

 In this appeal, Cannon also argues that section 92.259(a) violates the due process clause of the United States Constitution and the equal protection clauses of the Texas and United States Constitutions. We have reviewed the entire record and find that Cannon failed to make these specific claims before the trial court. Cannon never made any mention of the United States Constitution, nor did she ever mention the equal protection clause. Under TEX.R.APP.P. 52(a), in order to preserve a complaint for appellate review, a party must have presented a request, objection, or motion to the trial court stating the specific grounds for the ruling desired. TEX.R.APP.P. 52(a). The party must also get a ruling from the trial court on the request, objection, or motion. *Id.* This rule applies to constitutional challenges. *See City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986) (per curiam). A party to a lawsuit waives the right to raise even constitutional issues on appeal if that claim is not presented to the trial court. *Hernandez v. State Bar of Texas*, 812 S.W.2d 75, 78 (Tex.App.—Corpus Christi 1991, no writ). Therefore, Cannon has waived any error as to her equal protection clause claims and her due process claim under the United States Constitution.[3] Cannon's fourth, fifth, and sixth

---

3. If Cannon had properly preserved her claim under the due process clause of the United States Constitution, it too would have failed upon the same grounds as her due process chal-

points of error are overruled and/or waived as set out above.

In that we have determined that the trial court correctly dismissed all claims against the appellees, we find it unnecessary to review Cannon's seventh point of error regarding the statute of limitations. When the trial court dismissed Cannon's claims, it did so as to both appellees; therefore, granting Moore's summary judgment based on the statute of limitations was unnecessary because no cause of action existed upon which summary judgment could be granted.

The judgment of the trial court is affirmed.

lenge under TEX. CONST. art. I, § 19. The due process protections afforded by the Texas and

United States Constitutions are the same. *Garza–Vale,* 796 S.W.2d at 505.