**Lonnie Joe RAO, et al., Appellants**

v.

**Sergio RODRIGUEZ, et al., Appellees.**

**No. 09–95–256 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 18, 1996.

Decided May 16, 1996.

Rehearing Overruled June 14, 1996.

12. *Id.* at 625.

13. *Phynes*, 828 S.W.2d at 2.

Edmund L. Cogburn, Dow, Cogburn & Friedman, Houston, Glenn Vickery, Vickery & Linebaugh, Baytown, and E.R. Norwood, Taylor & Norwood, Liberty, for appellants.

David E. Lueders and James Boanerges, Lueders & Boanerges, Houston, for appellees.

Before WALKER, C.J., and BURGESS and HILL,[1] JJ.

## OPINION

JOHN G. HILL, Justice Assigned.

In this wrongful death case, Lonnie Rao, Sr., individually and as representative of the estates of Floda Rao and Lonnie Rao, Jr., his deceased wife and child, appeals from a judgment n.o.v. that set aside a jury verdict finding negligence on the part of William Foster, one of the appellees and manager of

**1.** The Honorable John G. Hill, sitting by assignment pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon Supp.1988).

the apartments owned by Sergio and Janet Rodriguez, the other appellees. The jury found Foster failed to determine the smoke detector in the Raos' apartment was in good working order when the Raos began living in their apartment, and that his negligence was at least partially responsible for the fatal injuries suffered by Rao's wife and child and for other damages sought by Rao, all resulting from a fire in the Raos' apartment.

Rao contends in four points of error the trial court erred in entering judgment n.o.v. because: (1) there was no finding of the relationship of landlord and tenant as between the apartment manager and the deceased; (2) there was no finding of the relationship of landlord and tenant as between the apartment owners and the deceased; (3) Rao is entitled to recovery based upon the jury's finding that Foster failed to determine that the family's smoke detector was in good working order when the family began living in the apartment; and (4) any attempt to preempt the common-law liability of the appellees by statute is contrary to the open courts provision of Tex. Const. art. I, § 13 and is, therefore, unconstitutional.

Appellees urge in four cross points of error the trial court erred when: (1) it submitted Question 1 to the jury because it was an improper comment on the weight of the evidence since it instructed the jury that the alleged failure of William Foster to provide a working smoke detector was a proximate cause of the deaths of Rao's wife and child when there was evidence in the record that such a failure, if any, was not a proximate cause of the deaths; (2) it submitted the instruction preceding Question 2 because the instruction places an improper standard of care upon Foster; (3) it denied appellees' motion for mistrial after the deliberate injection of liability insurance by appellant's counsel; and (4) there is no evidence supporting the jury's finding that Foster failed to determine that the smoke detector was in good working order at the beginning of the Raos' possession.

We reverse the judgment with respect to Rao's common-law claim against Foster because we hold the trial court erred in granting a judgment n.o.v. as to that claim, and we remand that claim to the trial court for further proceedings because we hold the trial court erred with respect to the form of the questions submitted to the jury as to that claim. We affirm the judgment with respect to Rao's statutory and common-law claim as to the Rodriguezes because Rao did not request the Rodriguezes take any action with respect to his smoke detector, nor did he give them notice of seeking any relief in accordance with the statute, and because any common-law claim as to them is preempted by the smoke detector statute, TEX.PROP.CODE ANN. ch. 92 subch. F (Vernon 1995 & Supp 1996). We affirm the judgment with respect to Rao's statutory claim against Foster because an apartment manager has no liability under the statute.

■ Rao contends in four points of error the trial court erred in granting appellees' motion for judgment n.o.v. If the jury verdict, together with such findings as are required by the undisputed evidence, will not support a judgment for the plaintiff, a motion *non obstante veredicto* presented by the defendant should be sustained. *First American Life Ins. Co. v. Slaughter*, 400 S.W.2d 590, 594 (Tex.Civ.App.—Houston [1st Dist.] 1966, writ ref'd n.r.e.); *see also Spencer v. Eagle Star Ins. Co. of America*, 876 S.W.2d 154 (Tex.1994).

We will determine whether Rao would have been entitled to a judgment as to either the Rodriguezes or Foster based upon the verdict and the undisputed evidence in this case.

Rao contends he has both a statutory cause of action based upon the smoke detector statute and a common law cause of action, both of which he urges as to all appellees.

■ Foster, the manager of the apartments where Rao and his family resided, was responsible for making sure the smoke detectors were operable prior to the premises being rented. In this case there was testimony that at the time of the fire that killed Rao's wife and child the detector in their apartment lacked a battery. It is undisputed under the evidence that neither Rao nor anyone in his family had, prior to the fire in question, given any request to Foster or the

Rodriguezes, the apartment owners, to install, inspect, or repair a smoke detector in the tenant's dwelling unit, or any notice of an intent to pursue remedies under the smoke detector statute. A landlord has liability under the smoke detector statute if the landlord fails to install, inspect, or repair a smoke detector within the time set forth in the statute, following a request by the tenant to do so, and a further notice from the tenant that the tenant might exercise his statutory remedies. TEX.PROP.CODE ANN. § 92.259 (Vernon 1995 and Supp.1996). There is no statutory liability on the part of the landlord in the absence of such a request and notice. *Id.* Consequently, Rao is not entitled to judgment against either Foster or Rodriguez based upon the statute because he never made such a request or gave such a notice prior to the fire. Also, as noted by Rao in his brief on appeal, Foster, as the apartment manager, is specifically excluded from the statutory definition of landlord contained at TEX.PROP.CODE ANN. § 92.001(2) (Vernon 1995). The statute does not provide any liability for anyone other than a landlord.

■ TEX.PROP.CODE ANN. § 92.252(a) (Vernon 1995) provides the duties of a landlord and the remedies of a tenant under the smoke detector statute are in lieu of common law. Therefore, the liability provisions of the smoke detector statute provide an exclusive remedy as between a tenant and landlord, as defined, and expressly preempts any common law basis of liability. *Garza–Vale v. Kwiecien,* 796 S.W.2d 500, 504 (Tex.App.—San Antonio 1990, writ denied). Consequently, Rao's common-law claims against his landlords, the Rodriguezes, are barred. *Id.* In view of the fact Rao is not entitled to judgment against them based upon the verdict and the undisputed evidence, we hold the trial court did not err in granting appellees' motion for judgment n.o.v. as to the Rodriguezes.

Rao contends in point of error number one the trial court erred in granting the motion for judgment n.o.v. as to Foster, the apartment manager, because there was no landlord-tenant relationship between Foster and Rao's deceased wife and son. As we have noted, there is no liability under the smoke detector statute for an apartment manager, as opposed to the landlord. Consequently, Rao had no statutory cause of action against Foster.

■ There is no common-law cause of action for failing to install a working smoke detector. *Cannon v. Lemon,* 843 S.W.2d 178, 182 (Tex.App.—Houston [14th Dist.] 1992, writ denied). However, the RESTATEMENT (SECOND) OF TORTS § 324A (1977) provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of the reliance of the other or the third person upon the undertaking.

This section of the Restatement is the law in Texas. *Seay v. Travelers Indem. Co.,* 730 S.W.2d 774, 777 (Tex.App.—Dallas 1987, no writ).

■ It is the duty of one who has the burden of proof on a ground of recovery or defense to see that all essential elements of his cause of action are submitted to the jury, or the ground of recovery is waived. TEX. R.CIV.P. 279 (Vernon 1977 & Supp.1996); *Cameron County v. Velasquez,* 668 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). In this case it was undisputed Foster undertook to inspect the Raos' smoke detector before they moved in. The jury found he failed to determine the smoke detector was in good working order at the beginning of Rao's possession of the apartment, and his negligence was a proximate cause of the deaths of Rao's wife and child. It was undisputed Foster was performing his inspection on behalf of the Rodriguezes. As the Raos' landlord, the Rodriguezes owed a duty to the Raos to determine at the beginning of their possession their smoke detector was in good working order. TEX.PROP.CODE ANN. § 92.258 (Vernon 1995 & Supp.1996). Consequently, every element of a common-

law action against Foster based upon RESTATEMENT (SECOND) OF TORTS § 324A was either submitted to the jury or was undisputed. It is unnecessary to submit undisputed issues to the jury. *See Texas Employers Ins. Ass'n v. Miller,* 596 S.W.2d 621, 625 (Tex.Civ.App.—Waco 1980, no writ). Therefore, Rao would have been entitled to recover against Foster based upon the undisputed evidence and the jury's verdict. Consequently, the trial court erred in granting a directed verdict in favor of Foster with respect to Rao's common-law claim as to Foster.

■ Appellees urge this Court to interpret the smoke detector statute in such a way as to preclude such a common-law action against a manager absent the request and notice required of a tenant by that statute. The purpose of the statute was to afford a remedy to a tenant against a landlord, which is defined not to include a manager, under certain circumstances, including the request and notice the tenant is required to give the landlord. The landlord's duties and the tenant's remedies under that statute are in lieu of those at common law. The statute does not impose any liability against a manager nor does it preclude any common-law remedy a tenant might have against such a manager. Appellees argue such an interpretation of the language of the statute leads to an absurd result. However, there is nothing in the statute indicating any intention on the part of the legislature to divest tenants of any common-law rights they might have against an apartment manager, as opposed to the owner of the apartment. We decline to interpret the statute so as to divest Rao of his common-law rights as to Foster, especially in view of the statutory definition of landlord being written in such a way as to specifically exclude a manager.

Appellees principally rely on the case of *Cannon v. Lemon,* 843 S.W.2d at 178. In *Cannon,* the court held the trial court did not err in dismissing the claims under the smoke detector statute brought by the estate of a fire victim. We find the case to be distinguishable in a number of respects. First, the case only dealt with the statutory claims brought by an estate, not any common-law claim. *Id.* at 180. Consequently, in *Cannon*

there would have been no liability against the manager in any event. Second, in *Cannon,* there was no smoke detector at all, so it did not involve a claim such as is here urged against the manager.

The appellees insist Foster's status as a manager was in dispute under the evidence, but Foster himself testified he was the manager. Appellees refer us to testimony that Foster did everything for the Rodriguezes at the apartments, which they contend show the term "manager" was a mere title and not an accurate description of his duties to the Rodriguezes. We see nothing in this description of Foster's duties at the apartment to be in conflict with his testimony that he was the apartment manager. We sustain point of error number one.

In point of error number two, Rao argues the trial court erred in rendering judgment n.o.v. in favor of the Rodriguezes because there was no finding of the relationship of "landlord" and "tenant" as between his deceased wife and the Rodriguezes, the owners of Rao's apartment. In point of error number three, Rao generally argues that the trial court erred in rendering judgment in favor of all appellees despite the jury's verdict supporting liability.

■ Rao alleged in his fourth amended original petition the Rao family were tenants of the Rodriguezes, their landlords. Admissions in trial pleadings are regarded as formal judicial admissions in the case in which that pleading is filed. *Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). "Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence." *Id.* No evidence was presented to the effect that any of the Raos were not tenants. Consequently, it was undisputed at trial that the Raos were all tenants of the Rodriguezes. As we have previously noted, it is unnecessary to submit undisputed issues to the jury. *Texas Employers Ins. Ass'n v. Miller,* 596 S.W.2d at 625.

Rao urges his common-law action is not precluded by the smoke detector statute because of the lack of the landlord-tenant rela-

tionship between his family and the Rodriguezes. When one assumes the members of the Rao family were all tenants of the Rodriguezes, as alleged by Rao, his argument must fail.

Rao asks we interpret TEX.PROP.CODE ANN. § 92.259 so as to impose liability against the landlord even though he did not give the landlord the request and notice required by the statute, where the smoke detector is not in good working order from the beginning of the tenancy. A reading of the section makes it very clear the legislature intended landlords have no liability in the absence of the required request and notice. We remain unconvinced we may construe it in such a way as to impose liability without such request and notice.

■ Finally, Rao contends in point of error number four that any attempt to preempt appellees' common-law liability by statute is contrary to the open courts provision of Tex. Const. art. I § 13, and is therefore unconstitutional. Because there is no common-law duty on the part of a landlord to provide a tenant with a working smoke detector, and because the open courts provision does not apply to a statute creating a cause of action that did not exist at common law, the preemption section of the smoke detector statute, TEX.PROP.CODE ANN. § 92.252, does not violate the open courts provision of the Texas Constitution. *Garza–Vale,* 796 S.W.2d at 505.

■ Rao urges this case is distinguishable because he did have a common-law cause of action, the one based upon RESTATEMENT (SECOND) OF TORTS § 324A previously discussed. The right to bring a well-established common-law cause of action cannot be effectively abrogated by the legislature absent a showing the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress. *Sax v. Votteler,* 648 S.W.2d 661, 665–666 (Tex.1983). In applying this test, we are to consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected. *Id.*

■ The general purpose of the smoke-detector statute is to establish a duty on the part of a landlord to install, inspect, and repair smoke detectors in the landlord's leased premises, a duty that did not exist at common law; and to afford a remedy to tenants who give the landlord the required request and notice. The statute does not abrogate a tenant's rights to a recovery as sought by the tenant here, but merely sets forth certain duties on the part of the tenant before such a right might be exercised. We conclude the legislative basis of the statute outweighs any denial of the tenant's constitutionally-guaranteed right of redress, so that the statute as applied to Rao does not violate art. I, § 13 of the Texas Constitution, the open-courts provision. We overrule points of error numbers two through four.

■ In their cross point of error number one, appellees contend the trial court erred because Question 1 submitted to the jury instructed them that Foster's failure to determine that the smoke detector in the Raos' apartment was in good working order was a proximate cause of the death of Rao's wife and son. The court submitted Question 1 to the jury as follows:

Did WILLIAM FOSTER fail to determine that the smoke detector in LONNIE RAO, SR.'S apartment was in good working order at the beginning of LONNIE RAO, SR.'S possession of Apartment No. 5 on February 14, 1992, which failure, if any, was a proximate cause of the deaths of LONNIE RAO, SR.'S wife and son?

Answer "Yes" or "No"

We agree with appellees that the question as worded assumes and instructs the jury that any failure of Foster to determine the Raos' smoke detector was in good working condition was a proximate cause of the deaths of Rao's wife and son. Rao insists the comma between February 14, 1992, and the word "which" shows the question was inquiring conjunctively whether Foster failed and also whether such failure was a proximate cause of the deaths. We do not read the question in the manner urged by Rao. We sustain appellees' cross point of error number one.

■ Appellees argue in cross point of error number two the trial court erred in

giving an instruction to the jury in Question No. 2 that placed an improper standard of care on Foster. Question No. 2 was submitted as follows:

The law mandates that the landlord shall determine that the smoke detector is in good working order at the beginning of a tenant's possession if the dwelling unit contains a smoke detector. A failure to comply with this law is negligence in itself.

### QUESTION NO. 2

Did the negligence, if any, of the persons named below proximately cause the deaths in question?

Answer "Yes" or "No" for each of the following:
a. WILLIAM FOSTER   _____
b. FLODA RAO   _____

As we have previously noted, the smoke detector statute does not apply to a manager of an apartment such as Foster. Consequently, it was improper to submit this instruction concerning the duties a landlord would have under the statute when inquiring about Foster's negligence. Rao concedes the instruction was surplusage, but contends it would not have misled the jury in any way and that it is harmless error. In view of our other rulings in this cause, we need only point out the instruction was error and need not determine whether it was or was not harmful.

■ Appellees insist in cross point of error number four there is no evidence to support the jury's finding Foster failed to determine the smoke detector was in good working order at the beginning of the Raos' possession of their apartment.

■ In reviewing a "no evidence" point of error, we must consider only the evidence and inferences tending to support the jury's finding, viewed most favorably in support of the finding, and disregard all contrary evidence and inferences. *Ellis County State Bank v. Keever*, 888 S.W.2d 790, 794 (Tex. 1994). Rao testified there was no battery in the smoke detector at the time of the fire, the smoke detector had never gone off when his wife cooked during the time he had been at the apartment, he had never taken the battery out of the smoke detector, and he had no reason to believe his wife would have done so. We find there is evidence to support the jury's finding that Foster failed to determine that the smoke detector was in good working order at the beginning of the Raos' possession of their apartment. We overrule cross point of error number four. In view of our determination of the remaining points of error and cross points of error, it is unnecessary for us to make a determination with respect to cross point of error number three.

We reverse the judgment with respect to Rao's common law claim against Foster and remand that cause to the trial court for further proceedings, and we affirm the judgment with respect to Rao's common law and statutory claims against the Rodriguezes and his statutory claim against Foster.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.