

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00040-CV

_____

R. SCOTT PHELAN, APPELLANT

V.

H. SCOTT NORVILLE, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2005-532-489-CV; Honorable Les Hatch, Presiding

September 22, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant and Cross-Appellee, R. Scott Phelan, and Appellee and Cross-Appellant, H. Scott Norville, both appeal a judgment rendered in Phelan's favor following a jury trial on Phelan's assault and libel claims against Norville. The jury awarded Phelan a total monetary award of $590,000, consisting of $15,000 for physical pain/mental anguish as a result of the assault claim, $325,000 for past and future injury to his reputation and $250,000 for mental anguish damages resulting from his libel

action. Based on a post-verdict motion for judgment *non obsante veridicto,* the trial court disallowed recovery of the libel mental anguish damages and entered a judgment in favor of Phelan for $340,000.

On appeal, Phelan asserts the trial court erred by (1) setting aside the jury's $250,000 mental anguish award on his libel claim, (2) finding there was not clear and convincing evidence to support the jury's finding that Norville acted maliciously when he made the libelous statement and (3) denying Phelan's motion to deny Norville representation by the Office of the Attorney General.

Conversely, Norville asserts (1) no evidence supports the jury's finding of libel or its award of damages and (2) all Phelan's claims are subject to dismissal under section 101.106 of the Texas Civil Practice and Remedies Code[1] because Phelan's claims involve actions taken by Norville within the general course and scope of his employment which could have been brought against his employer, Texas Tech University.

We reverse the trial court's award of $325,000 for past and future injury to Phelan's reputation, render judgment accordingly, and affirm the remainder of the judgment.

## BACKGROUND

The dispute underlying this appeal has had a complicated and lengthy evolution, consuming more than its fair share of judicial resources. Phelan first filed suit against

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2011). Throughout the remainder of this memorandum opinion, provisions of the Code will be referred to simply as "section ___" and "§ ___."

Texas Tech in the 200th District Court of Travis County, alleging his non-reappointment[2] as a professor of engineering at Texas Tech violated both the Texas Whistleblower Act and his rights of due process. Phelan asserted Texas Tech's decision to non-reappoint him was made in retaliation against him for reporting an assault by Norville and Norville's misuse of university personnel and property for personal gain.[3] The state district court granted Texas Tech's motion for summary judgment on all Phelan's claims and this Court affirmed that decision. *See Phelan v. Tex. Tech Univ.*, No. 07-07-0171-CV, 2008 Tex. App. LEXIS 500 (Tex. App.—Amarillo Jan. 23, 2008, pet. denied) (mem. op.). Phelan's petition to the Texas Supreme Court for review was denied. *Phelan v. Tex. Tech Univ.*, No. 08-112, 2008 Tex. LEXIS 472 (Tex. May 16, 2008).

Proceeding simultaneously, in the 237th District Court of Lubbock County, Phelan sued Norville, individually, Texas Tech's Dean of Engineering—Pamela Eibeck, its Assistant Provost—Elizabeth Hall, and its General Counsel—Victor Mellinger, under various theories including assault, libel/slander, invasion of privacy, tortious interference with contract and denial of due process and/or conspiracy to deny his due process rights. The defendants moved for summary judgment asserting sovereign immunity which was denied as to all defendants except Mellinger. The remaining defendants filed an interlocutory appeal on all claims.[4] This Court reversed as to all defendants and claims, save and except Phelan's libel claim against Norville. *See Norville v. Phelan*, No. 07-07-0035-CV, 2008 Tex. App. LEXIS 499 (Tex. App.—Amarillo Jan. 23, 2008,

---

[2] Texas Tech did not reappoint Phelan to his tenure track position.

[3] Norville was Phelan's immediate supervisor and the Department Chair for Texas Tech's Department of Engineering.

[4] The only denial of summary judgment not appealed was Phelan's assault claim against Norville.

3

pet. denied) (mem. op.). Phelan's petition to the Texas Supreme Court for review was denied. *Phelan v. Norville*, No. 08-0181, 2008 Tex. LEXIS 468 (Tex. May 16, 2008). At that time, the only surviving claims were Phelan's assault and libel claims against Norville, individually.

Phelan then amended his petition in the 237th District Court to assert a claim against the defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1962 ("RICO"), for obstructing justice by allegedly filing false affidavits and suppressing crucial evidence in the state court proceedings. At that point, the defendants successfully removed the case to the United States Court for the Northern District of Texas where Phelan added a claim under 42 U.S.C. § 1983, claiming the defendants violated his Seventh Amendment right to trial by jury and his Fourteenth Amendment right to due process of law. The federal district court dismissed Phelan's federal claims finding he had failed to plead facts giving rise to a cause of action under RICO, sovereign immunity barred suit against Texas Tech and the individual defendants and any deprivation which Phelan may have suffered was preceded by procedural due process. The federal district court remanded Phelan's remaining state law claims against Norville to the state district court, and Phelan subsequently appealed the dismissal of his § 1983 claim against the individual defendants to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed the federal district court's rulings, and the United States Supreme Court denied *certiorari. See Phelan v. Norville,* No. 10-11198, 460 Fed. Appx. 376, 2012 U.S. App. LEXIS 2730 (5th Cir. Feb. 10, 2012), *cert. denied*, ___ U.S. ___, 132 S.Ct. 2417, 182 L.Ed.2d 1024 (2012).

4

On remand from federal district court, Phelan's remaining claims were again his claims against Norville, individually, for assault and libel. These torts allegedly occurred when Norville twice slapped Phelan, and, months later after Phelan's non-reappointment, Norville sent an email in response to a third party's query about Phelan leaving Texas Tech stating, in pertinent part, the following:

> There were several reasons beginning with the fact that *after 5 years, Dr. Phelan had no journal publications.* When I tried to get him to publish, his response was nasty at best. Following that, I found out that Dr. Phelan was not even writing reports to his research sponsor, TxDOT, and, hence hurt TechMRT's chances of getting funded research.

(Emphasis added.)

In November 2012, a jury trial resulted in a verdict for Phelan on the libel and assault claims. The jury found Norville was not acting within the general scope of his employment at the time he assaulted Phelan, but that Norville did act with malice when he libeled him. The jury awarded Phelan $250,000 for past injury to his reputation, $75,000 for future injury to his reputation, $250,000 for mental anguish and $15,000 for physical pain/mental anguish due to the assault, for a total monetary award of $590,000.

Following a hearing on Norville's motion for a judgment *non obstante veredicto*, pursuant to Rule 301 of the Texas Rules of Civil Procedure, the trial court issued a judgment conforming to the jury's verdict with the exceptions that the court held there was not clear and convincing evidence to support the jury's finding of malice, thereby

5

striking Phelan's mental anguish damages.[5]  The judgment awarded Phelan $340,000 in total damages, $15,000 for the assault and $325,000 for past and future injury to his reputation for libel.  This appeal followed.

## DISCUSSION

For purposes of this appeal, we need only decide four issues.  That is, (1) whether Phelan correctly asserts Norville's email constitutes defamation/libel *per se,* (2) whether Norville correctly maintains Phelan did not prove he was damaged by Norville's email, (3) whether Norville was "acting within the scope of his employment" when he assaulted Phelan and (4) whether the trial court erred by denying Phelan's motion to deny Norville representation by the Office of the Attorney General.  Our findings on these four issues pretermit any remaining issues raised by the parties.  *See* TEX. R. APP. P. 47.1.

### (1) DEFAMATION/LIBEL *PER SE*

Phelan asserts for the first time on appeal that his general damages are presumed because Norville's statement constituted defamation/libel *per se.*  We find Phelan waived this argument on appeal because he did not raise this contention in his pleadings, ask the trial court to rule as a matter of law that Norville's statement constituted defamation/libel *per se*, object to the jury instructions which omitted an instruction on defamation/libel *per se* or, otherwise, ask the jury to determine whether Norville's statement constituted defamation/libel *per se.*

---

[5] On Norville's Rule 301 motion, the trial court also denied Norville's assertion that Phelan's assault and libel claims should have been dismissed from the suit under section 101.106(f) finding that Norville did not act within the scope of his employment at Texas Tech when he committed the torts.

6

To preserve an issue for appeal, a party must make a timely, specific objection or motion in the trial court that states the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a). *See, e.g., Wells Fargo Bank, N.A. v. Leath,* 425 S.W.3d 525, 540 (Tex. App.—Dallas Jan. 6, 2014, pet. filed); *Alphonso v. Deshotel,* 417 S.W.3d 194, 199 (Tex. App.—Dallas 2013, no pet.); *Crump v. Frenk,* 404 S.W.3d 146, 155 n.12 (Tex. App.—Texarkana 2013, no pet.); *Schell v. Schell,* No. 03-11-00833-CV, 2014 Tex. App. LEXIS 1712, at *3-4 (Tex. App.—Austin Feb. 14, 2014, no pet.) (mem. op.). Because Phelan raises this contention for the first time on appeal, we conclude he waived this issue and find in Norville's favor.

### (2) DEFAMATION/LIBEL—INJURY TO REPUTATION

Having concluded Phelan waived any issue regarding defamation *per se,* we need not decide whether Norville's statement was defamatory because—even if it were as a matter of law—there is no evidence of actual damages. Norville correctly asserts Phelan failed to offer any evidence at trial that his reputation was damaged or that he experienced a substantial disruption in his daily routine or a high degree of mental pain and distress due to the email. *See Hancock v. Variyam,* 400 S.W.3d 59, 68 (Tex. 2013).

To establish a cause of action for defamation, Phelan was required to prove, among other things, that the defamatory statement caused him to suffer actual damages. *See Braden v. Swett & Crawford of Texas, Inc.,* 178 S.W.3d 373, 382 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *WFAA-TV, Inc. v. McLemore*, 978

7

S.W.2d 568, 571 (Tex. 1998)). Causation has two elements: cause in fact and foreseeability. *Doe v. Boys Club,* 907 S.W.2d 472, 477 (Tex. 1995). The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). If the defendant's tortious conduct merely furnished a condition that made the injuries possible, there can be no cause in fact. *Western Investments, Inc. v. Urena,* 162 S.W.3d 547, 551 (Tex. 2004) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 799 (Tex. 2004)).

Although Phelan presented evidence that Norville's statement was the equivalent of saying he was totally incompetent as an assistant professor and, *if known*, would hurt his chances for employment in academia, he presented no evidence the recipient of the email had any role in Phelan's attempt to regain employment in academia or that either Norville or the third party forwarded the email to anyone. Phelan testified he was unaware whether the email was sent or forwarded to anyone other than Norville or the third party. Norville testified the email was sent only to the third party and he did not forward it to anyone.

Although Phelan testified to a single example where he was on the short list for employment at an out-of-state university but, ultimately, did not get the position, he failed to offer any evidence indicating the university was aware of Norville's email or he was not hired because of any influence exerted by Norville or his email.[6] Accordingly,

---

[6] The record reflects Norville was not Phelan's only critic at Texas Tech. Dean Pamela Eibeck of the College of Engineering, who was also in favor of Phelan's non-reappointment testified, on deposition, that she felt Phelan created a "hostile environment" in the department, his *en masse* email to the department indicating he was going to sue Norville negatively affected morale and Phelan created an accusatory atmosphere claiming it was the fault of everyone around him that he was not being successful

we find Phelan offered no evidence establishing Norville's email caused him any injury or damages, either reputational or mental anguish, and decide this issue in Norville's favor as well. *See Boys Club,* 907 S.W.2d at 477 ("[Causation] cannot be established by mere conjecture, guess, or speculation."). *See also Burbage v. Burbage,* No. 12-0563, 2014 Tex. LEXIS 753, at \*27-31 (Tex. Aug. 29, 2014).

### (3) IMMUNITY UNDER SECTION 101.106(f) OF THE TEXAS TORT CLAIMS ACT

Norville asserts the trial court erred when it denied his motions for directed verdict and for judgment *non obstante veredicto* asserting all of Phelan's tort claims should have been dismissed pursuant to section 101.106 of the Texas Tort Claims Act (TTCA). Specifically, Norville contends there was no evidence upon which the jury could find he was not engaging in conduct within the general scope of his employment when he slapped Phelan.[7] We disagree with Norville's contention.

### A. STANDARD OF REVIEW

A trial court may disregard a jury's findings and render a directed verdict or judgment *non obstante veredicto* if no evidence supports one or more of the jury's findings on issues necessary to liability. *See Tiller v. McClure,* 121 S.W.3d 709, 713 (Tex. 2003). To determine whether such relief is appropriate, we apply the standards that govern a "no evidence," i.e., legal-sufficiency review. *See City of Keller v. Wilson*,

---

as a faculty member. Professor Ernst Keisling testified that one ramification of Phelan filing suit against Texas Tech and its employees was that, "personally to [Phelan], [it would be] very damaging to his future in academia to be a plaintiff in a lawsuit."

[7] We need not address whether Norville was acting within the scope of his employment when he sent the allegedly defamatory email having already determined Phelan failed to establish any damages as a result thereof.

9

168 S.W.3d 802, 823 (Tex. 2005). In doing so, we view the evidence in the light most favorable to the verdict under the well-established standards that govern legal sufficiency review. *See Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). We credit evidence favoring the jury verdict if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007). A challenge to the legal sufficiency of the evidence will be sustained when, among other things, the evidence offered to establish a vital fact does not exceed a scintilla. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006).[8]

B. SECTION 101.106(f) OF THE TTCA

Section 101.106(f) of the TTCA, entitled "Election of Remedies," provides, in pertinent part, as follows:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.
>
> (f) If a suit is filed against an employee of a governmental unit on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.[9]

---

[8] More than a scintilla of evidence exists when the evidence enables reasonable minds to differ in their conclusions. *See Tarrant Regional Water Dist. v. Gragg*, 151 S.W.3d 546, 552 (Tex. 2004). However, evidence that creates only a mere surmise or suspicion is not more than a scintilla and, thus no evidence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

[9] The phrase "could have been brought" in § 101.106(f) applies to claims raised under the TTCA "regardless of whether the [TTCA] waives immunity from suit." *Franka v. Velasquez,* 332 S.W.3d 367,

The applicability of subsection (e) to the underlying suit turns on whether the assault claim was brought against Norville in his individual or official capacity. *Alexander v. Walker*, No. 11-606, 2014 Tex. LEXIS 451, at *7 (Tex. June 6, 2014). Section 101.106(f) "extends governmental immunity to acts of individual government employees acting within the scope of their employment," *Lund v. Giauque*, 416 S.W.3d 122, 125 (Tex. App.—Fort Worth 2013, no pet.) (citing *LTTS Charter Sch. Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 89-90 (Tex. 2011)), if the plaintiff's claim could have been brought under the TTCA against the governmental unit. Whether an employee is acting within the scope of his employment is a question for the trier of fact. *Molina v. Alvarado*, No. 08-13-00157-CV, 2014 Tex. App. LEXIS 4396, at *23 (Tex. App.—Texarkana Apr. 23, 2014, pet. filed July 10, 2014) (mem. op.).

In order to determine whether the suit is against the employee in his individual or official capacity,[10] we must decide whether (1) the alleged conduct was within or without the scope of the officer's employment,[11] and (2) Phelan's suit could have been brought against the officer's governmental employer under the TTCA. *See* § 101.106(f). Our first consideration, then, is whether, considering the evidence in the light most favorable to the jury's verdict, Phelan presented more than a scintilla of evidence at trial establishing Norville acted outside the scope of his employment when he slapped

---

385 (Tex. 2011). *See* § 101.021. The TTCA waives sovereign immunity for some torts, but not for claims "arising out of assault and battery, false imprisonment, or any other intentional tort." *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).

[10] Neither party contests whether Norville was a Texas Tech employee at the time of the assault.

[11] "Scope of employment" is defined by the TTCA as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task *lawfully* assigned to an employee by competent authority." Section 101.001(5) (emphasis added).

Phelan. If there is sufficient evidence supporting the jury's finding that Norville was acting outside the scope of his employment when he struck Phelan, we need not decide whether Phelan's assault claim could have been asserted against Texas Tech.

Phelan's trial testimony indicates he casually entered into an informal conversation with Norville and Phil Nash, a fellow professor, in Nash's office at Texas Tech after working hours. Nash described the meeting as "incidental" and "unofficial." Prior to the assault, Phelan and Norville were discussing what university was associated with the author of a prominent engineering book when Norville became excited upon learning he was mistaken about the university associated with the author. Norville then slapped Phelan hard across the face saying "that is a static load." Norville slapped Phelan again even harder saying "that is a dynamic load, do you understand the difference?" Phelan left Nash's office believing he was in danger and Norville was completely out of control.[12] Subsequently, Phelan's face reddened, he experienced pain in his face, neck and shoulder areas, and the pain continued intermittently through trial.

The jury specifically found Norville assaulted Phelan and, at the time of the assault, was not acting within the scope of his employment. A person commits civil assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." *Appell v. Muguerza*, 329 S.W.3d 104, 110 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). A person commits a criminal assault if he "intentionally or knowingly causes

---

[12] Whether the parties engaged in a general discussion regarding static or dynamic blast loads prior to the assault is of no consequence. The interaction between Phelan and Norville regarding the author of the engineering text led to the dispute that triggered Norville's impassioned assault according to Phelan's testimony. *See Wal-Mart Stores*, 102 S.W.3d at 709 (evidence must be viewed in the light most favorable to the verdict).

physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE 22.01(a)(3) (West Supp. 2014). *See Johnson v. Davis,* 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("To establish a prima facie claim for civil assault, the plaintiff must establish the same elements required for criminal assault.").[13]

We find there is more than a scintilla of evidence in support of the jury's finding that Norville was acting outside the scope of his employment when he assaulted Phelan. In addition, the record contains no evidence to support a finding that Norville's general scope of employment included assaulting a faculty member. To the contrary, Eibeck testified that, during a meeting with Norville after the incident, she advised him against touching Phelan in any manner and told Norville that informal touching of anybody was inadvisable.

Accordingly, we find there was sufficient evidence to support the jury's verdict that Norville was not acting within the scope of his employment when he assaulted Phelan, *see Kelemen v. Elliot*, 260 S.W.3d 518, 524 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (finding no evidence that officer was acting in scope of his employment when he kissed fellow officer without consent while on duty),[14] and thus decide this issue in Phelan's favor.

---

[13] The jury's charge specifically stated:

> A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative.

(4) STATE'S AUTHORITY TO REPRESENT NORVILLE

Phelan next asserts the trial court erred in denying his motion to remove counsel for the Office of the Attorney General as Norville's attorney because Norville was not acting in his official capacity when he assaulted and libeled Phelan. He further contends the Attorney General wrongfully provided Norville with representation since 2005.

Provisions of the Texas Civil Practice and Remedies Code govern the circumstances under which the State is liable for indemnification of its employees and their reasonable attorney fees. *See* §§ 104.001-.007. In addition to identifying the types of actions where indemnification is permitted, the Code provides that indemnification is appropriate when the attorney general or his designee determine indemnification is in the interest of the state. *See* § 104.002(a)(3). Section 104.0035 also provides for a determination whether a person is entitled to indemnification by the state by a district court in Travis County *if* the Attorney General *denies* indemnification or the person *is not entitled* to an initial determination whether indemnification is appropriate by the Attorney General. Section 104.0035(d), (e), (f). If the appeal or suit for an initial determination is successful, the Travis County district court can issue an order directing the attorney general's office to indemnify the person for reasonable attorney fees. *Id.* at (f).

---

[14] *Compare Hamilton v. Pechacek,* No. 02-12-00383-CV, 2014 Tex. App. LEXIS 3096, at * 11-13 (Tex. App.—Fort Worth Mar. 20, 2014, no pet.) (mem. op.) (state employee who accidently spilled a cup of coffee on another employee while removing his jacket from the top of a trash can acting within scope of his employment); *Harris County v. Gibbons*, 150 S.W.3d 877, 883 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding that off-duty police officer, who rear-ended another car, acted in scope of employment within meaning of TTCA because officer was checking license number of different vehicle to determine if it was stolen when accident occurred).

Chapter 104 does not provide for any private right of action or statutory procedure whereby a third party may challenge an Attorney General's determination that a state employee is entitled to representation. *See Montana v. Patterson,* 894 S.W.2d 812, 815 (Tex. App.—Tyler 1994, no writ) (Chapter 104 is limited to indemnification of employees and creates no private cause of action by third parties). *See also Rao v. Rodriguez*, 923 S.W.2d 176, 180 (Tex. App.—Beaumont 1996, no writ). Neither does Phelan cite to any legal authority for the proposition that he has a cognizable claim against the Attorney General for exercising his discretion to extend state representation to Norville. Accordingly, the trial court did not abuse its discretion by denying Phelan's motion and this issue is decided in Norville's favor.

## CONCLUSION

Having determined that Norville's email does not constitute defamation/libel *per se* and that Phelan has failed to prove any actual damages caused by that email, we reverse, in part, the trial court's judgment to the extent it awards $325,000 for past and future injury to Phelan's reputation. Furthermore, we render judgment that Phelan take nothing on his libel claim.

Having determined that Norville was not acting within the course and scope of his employment when he assaulted Phelan, we reject Norville's claim that the election of remedies provisions of the Texas Civil Practice and Remedies Code bars Phelan from recovery of damages resulting from Norville's assault and we affirm the remainder of the judgment. Finally, we conclude the trial court did not err in denying Phelan's motion to

15

dismiss the Texas Attorney General's Office as counsel for Norville.  Accordingly, we reverse and render in part and we affirm in part.


Patrick A. Pirtle
Justice