Linda Gray BURTON, Appellant,

v.

Donald Ross BURTON, Appellee.

No. 10–86–233–CV.

Court of Appeals of Texas,
Waco.

July 16, 1987.

Jenifer O. Lawing, Leann Griffith, Robert J. Wilson & Associates, Inc., Burleson, for appellant.

Tim Altaras, Altaras & Altaras, Cleburne, for appellee.

## OPINION

THOMAS, Justice.

Linda Burton appeals an order which directed her to deliver to Donald Burton, her ex-husband, specific items of existing personal property awarded to him in their divorce decree. She contends the order was barred under section 3.70(c) of the Family Code because the divorce decree had become final more than two years before Donald filed a contempt motion to enforce the property division. *See* Tex. Fam.Code Ann. § 3.70(c) (Vernon Supp. 1987). The order will be affirmed.

Linda and Donald Burton were divorced on October 12, 1984. She filed a motion on October 17, 1986, to enforce and clarify the portion of the divorce decree which ordered Donald to pay child support and to provide medical insurance coverage for their children. Donald responded by filing a cross-motion for contempt in which he asked the court to hold Linda in contempt because she had refused to deliver to him personal property awarded as his separate estate in the divorce decree. The court entered an order following a hearing on both motions in which it: (1) clarified Donald's obligation to pay child support and to provide medical insurance coverage for the couple's children; (2) refused to hold Linda in contempt; and (3) ordered Linda to deliver the personal property to Donald. The court stated in the order that it was acting on its own motion under section 3.71 of the Family Code when it ordered the personal property delivered to Donald.

Linda's first point is that the court erred when it entered an order enforcing the property division without a proper pleading. She contends that section 3.70 limited Donald to the remedy of filing a motion to enforce the property division and that he could not enforce the property division through a contempt motion. *See id.* at § 3.70. She asserts in her second point that Donald's "suit" to enforce the property division was barred under section 3.70(c). *See id.* at § 3.70(c).

Section 3.70(a) provides that a property division in a divorce decree *may* be enforced by the filing of a motion by any party affected by the decree. *Id.* at § 3.70(a). However, a motion to enforce the division of existing tangible personal property must be filed within two years after the divorce decree becomes final or the suit is barred. *Id.* at § 3.70(c). Section 3.71(a) provides in part: "Further orders may be entered to enforce the [property] division, but these orders shall be limited to orders in aid of or in clarification of the prior order." *Id.* at § 3.71(a). Section 3.73 also provides: "To enforce the division of property made in a suit for divorce or annulment, the court may make an order to

deliver the specific existing property awarded." *Id.* at § 3.73.

The provisions of sections 3.71(a) and 3.73 clearly authorize the court to enforce a property division by ordering the delivery of existing personal property from one party affected by the divorce decree to another party. The question is whether the court can take this action on its own motion or must await the filing of a motion to enforce under section 3.70(a). The language of these sections does not expressly prohibit the court from acting on its own motion, and this court will not judicially add such a limitation. If Donald had filed a motion to enforce the property division by having the court order the delivery of the personal property from Linda to him, then his motion would have been barred by the two-year limitation in section 3.70(c). *See id.* at § 3.70(c). However, he filed a motion under section 3.76 to have the court enforce the property division by contempt. The two-year limitation in section 3.70(c) does not expressly apply to motions for contempt under section 3.76, and this court will not add that limitation. Both points of error are overruled, and the order is affirmed.