Opinion issued November 16, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00425-CV
  __________
 
EUGENE MOSLEY, Appellant
 
V.
 
PAMELA MOSLEY (DAVIS) AND ALLETTE B. WILLIAMS, Appellees
 

 
 
On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 01-CV-120562
 

 
 
MEMORANDUM OPINION
          Appellant, Eugene Mosley (“Mosley”), appeals the trial court’s order granting
a motion to compel filed by his ex-wife, Pamela Mosley Davis, and her attorney,
Allette B. Williams, appellees (collectively “Davis”). The order sanctioned Mosley
$1,000 for his failure to comply with the final decree of divorce. Mosley argues that
the trial court erred in awarding sanctions. We affirm.  
Background
          On February 11, 2003, the trial court entered a divorce decree for Davis and
Mosley. Mosley was ordered to give Davis, among other things, a Promissory Lien
Note for $6,244.50 and the keys and remote to the couple’s Nissan van. Following
the divorce, Davis sent numerous letters to Mosley concerning the turnover of these
items, but rarely obtained a response. On December 15, 2003, Davis filed a “motion
to compel” requesting that the trial court order Mosley to comply with its divorce
decree and also requesting reasonable attorney’s fees. Although the title of the
motion was a “motion to compel,” the body of the pleading complied with the
statutory requirements of a motion for the enforcement of a divorce decree under the
Texas Family Code and included a notice of oral hearing.


 Mosley was served with
a copy of this pleading and a citation to appear. Mosley filed an answer and a motion
for sanctions against Davis.
           A hearing was held on February 27, 2004, 21 days after Mosley was served
with citation. At the hearing, attended by counsel for both Mosley and Davis, the trial
court ruled in favor of Davis and ordered that he comply with the Decree of Divorce. 
Davis also requested attorney’s fees of approximately $4,000, and the court heard
testimony from Davis’s attorney regarding attorney’s fees. The trial court questioned
whether it had the authority to grant attorney’s fees on a motion to compel that was
not related to discovery. The trial court stated that, if Davis was interpreting the
proceeding as a “motion for enforcement” and, if that was the basis for requesting
attorney’s fees, then the court would have to reset that portion of the hearing “and get
[Mosley] down here and give him an opportunity to respond as to whether he should
be held in contempt and/or whether attorney’s fees should be assessed.” 
          During the hearing, Davis’s counsel testified regarding her repeated attempts
to resolve the dispute without court intervention. She also submitted all the letters
sent to Mosley’s counsel requesting that Mosley comply with the Decree of Divorce. 
When the court asked Mosley’s counsel why her office had not responded to these
numerous requests, she responded “I understand, Your Honor, and I cannot speak for
anything that happened before I got my hands on the file.” The court stated that the
entire proceeding might have been avoided had Mosley’s counsel simply responded
to Davis’s written requests for compliance with the Decree of Divorce in a timely
manner. After confirming that Mosley had been served with citation and a copy of 
Davis’s pleading, and had received the notice of the hearing, the trial court ordered
sanctions against Mosley in the amount of $1,000 for failing to comply with the
Decree of Divorce. Pursuant to the court’s order, the $1,000 was payable directly to
Davis’s attorney.
          In his sole point of error, Mosley argues that the trial court erred in awarding
sanctions in this case for three reasons.


 First, Mosley argues that the court had no
authority to enforce the decree and, thus, it had no authority to sanction him for
failing to comply with the decree. Second, Mosley argues that the sanction award
violates his due process rights. Finally, he argues that there was no evidence
supporting the award of sanctions in this case.
                               Authority to Enforce Property Division
          First, Mosley argues that the court did not have the authority to enforce the
decree because Davis did not file a suit to enforce pursuant to section 9.001(a) of the
Texas Family Code. Mosley argues that, without this pleading before it, the trial
court could not enter an order enforcing the decree and thus it had no authority to
sanction him for not complying with the decree. We disagree. 
          Whether a trial court has subject matter jurisdiction over a matter presents a
question of law. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
We review questions of law de novo. Id. 
          The Family Code authorizes trial courts to act on their own motion to enforce
property divisions in divorce decrees. Section 9.001(a) provides that a property
division in a divorce decree may be enforced by the filing of a suit for enforcement
by any party affected by the decree. Tex. Fam. Code Ann. § 9.001(a) (Vernon
1998). Trial courts, however, are not required to wait until the filing of a suit to
enforce before issuing orders enforcing a divorce decree. Pursuant to sections 9.006
and 9.009, a trial court may, on its own motion, order the delivery of existing property
from one party affected by the divorce decree to another party. See Burton v. Burton,
734 S.W. 2d 727,728 (Tex. App.—Waco 1987, no writ). Section 9.006 provides the
court with the authority to enforce a decree on its own motion and states in pertinent
part that: “Further orders may be entered to enforce the [property] division, but these
orders shall be limited to orders in aid of or in clarification of the prior order.” Tex.
Fam. Code Ann. § 9.006(b) (Vernon 1998). Similarly, section 9.009 provides in
pertinent part that: “To enforce the division of property made in a suit of divorce or
annulment, the court may make an order to deliver the specific existing property
awarded.” Id. § 9.009. Accordingly, the trial court had the authority to issue an order
enforcing the Decree of Divorce.
 Sanctions
          Mosley next argues that the sanctions award violated his constitutional due
process rights. Although (1) Mosley received 15 days written notice that a hearing
would be held concerning his failure to comply with the Decree of Divorce and (2)
Mosley’s counsel was present at the hearing and presented his own motion for
sanctions against Davis, Mosley argues that he was not given adequate notice of the
hearing and the opportunity to defend himself against sanctions.
          A trial court’s imposition of sanctions is reviewed under an abuse of discretion
standard. In re Max Bennett, 960 S.W.2d 35, 40 (Tex. 1997); Chrysler Corp. v.
Blackmon, 841 S.W.2d 844, 853 (Tex. 1992). A trial court abuses its discretion when
it acts without reference to any guiding rules or principles. Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 918 (Tex. 1985). 
          Under Texas Rule of Appellate Procedure 33.1(a), in order to preserve a
complaint for appellate review, a party must have presented a request, objection, or
motion to the trial court stating specific grounds for the ruling desired. Tex. R. App.
P. 33.1(a). A ruling from the trial court on the request, objection, or motion must be
obtained. Id. This rule applies, inter alia, to constitutional challenges. See, e.g., City
of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986); Cannon v. Lemon,
843 S.W.2d 178, 183 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Here,
Mosley never complained to the trial court that he had no or inadequate notice that
sanctions could be imposed against him. Instead, the first time he makes this
complaint is on appeal, and, thus, the complaint is waived.


 See Valdez v. Valdez, 930
S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ) (finding waiver
because attorney never gave trial court opportunity to correct alleged error of
imposing sanctions without notice).
Evidence Supporting SanctionsFinally, Mosley argues that there was no evidence to support the exercise of the
trial court’s inherent power to sanction him. Specifically, Mosley argues that there
was no evidence to support a finding that he or his counsel acted with “bad faith” or
interfered with “any of the core functions of the court.” We disagree.Trial courts have the inherent power to, sua sponte, sanction parties and their
attorneys for certain types of wrongful conduct. Kutch v. Del Mar College, 831
S.W.2d 506, 511 (Tex. App.—Corpus Christi 1992, no writ). This inherent power is
strongest when the conduct complained of interferes with one of the core functions
of the judiciary. Id. The violation of a court order relating to the court’s management
and administration of a particular legal claim is a significant interference with one or
more of the judiciary’s core functions. Id. In the instant case, the trial court heard
evidence (1) that Mosley failed to comply with the divorce decree after multiple
requests to do so, (2) that his counsel’s failure to timely respond to these requests
prevented both the court and Davis from concluding this litigation, and (3) that his
counsel had no explanation for the delay in her office’s response to Davis’s requests.
Such conduct is a significant interference with the administration of justice and is
sanctionable. Accordingly, we hold the evidence in this case supports the trial court’s
assessment of some sanction against Mosley for his conduct based on its inherent
power.Conclusion 
          We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr. 
                                                                        Justice
                    
Panel consists of Justices Nuchia, Keyes, and Hanks.