**WILLIAM MARSH RICE UNIVERSITY, Appellant,**

v.

**Reginald Charles COLEMAN, Appellee.**

**No. 14-08-00910-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 2009.

Rehearing Overruled July 2, 2009.

---

**44**

Teresa Slowen Valderrama, Houston, for appellant.

K. Scott Brazil, William Lura, Chad Wilson Dunn, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

William Marsh Rice University ("Rice") attempts to appeal the denial of its motion for summary judgment. In a single issue, Rice challenges the trial court's ruling that fact issues were raised as to its immunity from suit and liability for Coleman's claims based on conduct by Rice Police Department officers. Coleman filed a motion to dismiss alleging this court has no jurisdiction to consider Rice's interlocutory appeal. Because we find we lack jurisdiction over the interlocutory appeal, we dismiss for want of jurisdiction.

### BACKGROUND

On January 19, 2007, Lieutenant Dianna Marshal and Officer Jared Goldman of the Rice University Police Department ("RUPD"), arrested Coleman for theft. Coleman was a Rice employee in the Facilities, Engineering and Planning ("FE & P") department at the time of his arrest. As an FE & P employee, Coleman's job duties included moving university property around campus, and occasionally, off campus. A fellow FE & P employee "tipped" RUPD officers that Coleman had stolen a large aluminum table top and sold it to a scrap metal dealer. After his arrest, Coleman's supervisor, Mike Polk, gave a statement to the Harris County District Attorney's office explaining that Coleman was operating under a valid work order when he removed the table. After receiving Polk's statement, the district attorney dismissed the theft charges. Prior to the charges being dropped, Coleman resigned from Rice in lieu of termination.

Coleman filed suit against Rice based on Lieutenant Marshall's and Officer Goldman's actions. He asserted causes of action for defamation, intentional infliction of emotional distress, false imprisonment, malicious prosecution, invasion of privacy, and negligent hiring. Rice filed a motion for summary judgment alleging, inter alia, that it was immune from liability because its officers were immune. The trial court granted Rice's motion with regard to Coleman's negligent hiring, negligent retention, negligent supervision, and negligent training causes of action. The court denied Rice's motion as to all other causes of action and Rice's affirmative defenses, including official immunity. Rice now attempts to appeal the trial court's denial of its motion for summary judgment based on official immunity.

## JURISDICTION

■ As a general rule, an appellate court does not have jurisdiction to hear denied motions for summary judgment on appeal. *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *Highlands Mgmt. Co. v. First Interstate Bank of Tex., N.A.,* 956 S.W.2d 749, 752 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). The legislature created an exception to this general rule for officers or employees of the state or a political subdivision of the state. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon 2008). Under section 51.014(a)(5) a person may appeal from an interlocutory order of a district court denying a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. *Id.* "Immunity" as used in this section refers to "official immunity." *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993); *Baylor College of Medicine v. Hernandez,* 208 S.W.3d 4, 10 (Tex.App.-Houston [14th Dist.] 2006, pet.

denied). Official immunity is an affirmative defense rendering individual officials immune from liability. *Kassen v. Hatley,* 887 S.W.2d 4, 8–9 (Tex.1994). Although official immunity applies only to individuals, an agency or institution may be shielded from respondeat superior liability for its employee's negligence if the employee has official immunity. *DeWitt v. Harris County,* 904 S.W.2d 650, 654 (Tex.1995). As a result, a motion for summary judgment by the employer of the official may be based on an assertion of official immunity for purposes of determining whether an interlocutory appeal is permissible.

■ Rice moved for summary judgment based on section 51.212 of the Education Code, which provides that peace officers commissioned by private institutions are vested with "all the powers, privileges, and immunities of peace officers." Tex. Educ. Code Ann. § 51.212(b) (Vernon Supp. 2008). Peace officers are entitled to official immunity arising from the performance of (1) a discretionary act (2) performed in good faith (3) within the scope of the officer's authority. *Ballantyne v. Champion Builders,* 144 S.W.3d 417, 424 (Tex.2004). The trial court determined that fact issues existed with regard to at least one of the elements required to maintain official immunity.

■ Coleman filed a motion to dismiss Rice's appeal arguing that the legislature does not permit a private institution to bring an interlocutory appeal of the denial of a motion for summary judgment based on official immunity. Interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998). This court must strictly construe statutes authorizing interlocutory appeals. *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001) (legislature's intent was that

section 51.014 be strictly construed as a "narrow exception to the general rule that only final judgments and orders are appealable."). Rice asserts this court has jurisdiction to hear its interlocutory appeal under section 51.014(a)(5) of the Civil Practice and Remedies Code, which provides that a person may appeal an interlocutory order of a district court that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. and Rem.Code Ann. § 51.014(a)(5). Rice admits it is not a state agency, nor a political subdivision of the state, but argues that by granting the same immunities to RUPD officers as are granted to the police officers employed by the state, the legislature has "de facto placed Rice in the same role as the city of Houston in relation to the police officers it employs." In other words, Rice argues it is "in effect a proxy for a state or local agency."

The Texas Supreme Court has held that "the words of Section 51.014(a)(5) offer no indication or suggestion that it applies to any entity other than a state official, the only entity which it describes." *Texas A & M University Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex.2007). Section 51.014(a)(5) does not permit an institution to bring an interlocutory appeal as a "proxy for a state or local agency." Because Rice is asserting the affirmative defense of official immunity on behalf of its employees who are not employees of the state or a political subdivision of the state, the legislature has not provided an avenue for Rice to bring an interlocutory appeal of the trial court's order.

Rice nevertheless argues that it should be permitted to pursue an interlocutory appeal for the same reasons this court permitted Baylor College of Medicine to pursue an interlocutory appeal in *Hernandez*, 208 S.W.3d at 10, and *Young v. Villegas*, 231 S.W.3d 1, 7–8 (Tex.App. Houston [14th Dist.] 2007, pet. denied). Those cases are distinguishable, however, in that the Health and Safety Code specifically addresses medical schools and defines them as state agencies. Therefore, Baylor College of Medicine is permitted to pursue an interlocutory appeal under section 51.014(a)(5) asserting official immunity of its employees. *See* Tex. Health & Safety Code Ann. § 312.007(a) (Vernon 2001) (providing that a medical and dental unit, supported medical or dental school, or coordinating entity is a state agency).

Accordingly, because Rice is not a state agency, section 51.014(a)(5) does not authorize Rice's interlocutory appeal of the denial of its motion for summary judgment. We dismiss Rice's appeal for want of jurisdiction.