

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00382-CV

**CITY OF RIO GRANDE CITY, TEXAS**,
Appellant

v.

Remedios **HERRERA**,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-10-279
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  January 16, 2013

AFFIRMED

Appellee Remedios Herrera filed suit against Noel Garcia d/b/a South Texas Memorials and appellant City of Rio Grande City, Texas ("the City") for injuries he allegedly suffered during the removal of a monument. This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction and motion for summary judgment filed by the City. On appeal, the City raises two issues, contending the trial court erred in denying its plea to the jurisdiction because: (1) maintenance of the monument was a governmental function, not a proprietary

function, and thus the cap on damages applies to Herrera's claim for exemplary damages,[1] and (2) Herrera did not properly establish a waiver of the City's governmental immunity.  We affirm.

## BACKGROUND

Herrera alleges that on or about January 30, 2010, the City retained the services of Noel Garcia d/b/a South Texas Memorials to repair a monument located at the corner of Second Street and Britton Avenue in Rio Grande City, Texas.  The monument, honoring Starr County military personnel who died in the line of duty, was originally erected in November 1998.  Because of concerns that the monument might tip over and injure someone, the Rio Grande City Economic Development Corporation (EDC) contracted with Garcia to stabilize the monument.

The monument's repair included removing it with a motorized vehicle, i.e. a John Deer tractor.  Herrera contends Garcia negligently operated the motorized equipment, resulting in the monument falling on Herrera and causing him injury.  At the time of his injury, Herrera was employed by Noel Garcia d/b/a South Texas Memorials.

The City contends repairing the monument is a governmental function because the monument is located in Britton Avenue, an area it asserts is a park or parkway, and thus, the monument's maintenance is classified under section 101.0215 of the Texas Civil Practice and Remedies Code ("the Code") as a governmental function.  Herrera contends Britton Avenue is not a park, and the monument's repair does not fall under section 101.0215.  Rather, Herrera contends the location of the monument off of Britton Avenue is used to generate and increase the City's tax base, which is a proprietary function.

---

[1] We will only address the issues in this appeal as they relate to the plea to the jurisdiction, but not with regard to its effect on damages.  Only limited issues may be raised in interlocutory appeals.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West. Supp. 2012) (listing types of interlocutory appeals); *see also Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001) (noting that because interlocutory appeals are allowed only in limited situations, section 51.014 must be strictly construed).

The City alleges South Texas Memorials performed work requiring special skill, furnished its own tools, labor and materials, came and went at its own discretion, and was to be paid by the job. The City also contends its only involvement in the monument repair was to close off Second Street around the monument area and provide two City employees to direct traffic around the site. The City alleges it did not provide any supervision or control over the manner in which the monument would be removed or stabilized, and the City provided no employees to assist. There is no evidence the two city employees directing traffic to the east of the accident witnessed any injury to Herrera or that any City employee was present at the scene of the accident. Furthermore, the City contends no person from its staff ever instructed Herrera on how to do any particular portion of the repair. Therefore, the City claims Garcia d/b/a South Texas Memorials was not an employee or agent of the City.

Herrera argues Garcia was acting as an agent of the City when he was injured. Herrera agreed he was hired and paid on a daily basis by Garcia, who provided him with all the tools, supplies and materials to perform his job, and determined when Herrera's workday started and stopped and when he was to start and stop any particular work.

Herrera deposed Valerie Brown-Garza, Operations Manager for the City's Economic Development Corporation. Among other things, Brown-Garza testified Garcia performed work requiring special skills, furnished his own tools, labor and materials, came and went at his own discretion and was to be paid by the job.

After Herrera filed suit against Garcia and the City, the City filed a plea to the jurisdiction and a motion for summary judgment. After conducting a hearing and considering

the pleadings, the trial court denied the City's plea to the jurisdiction and motion for summary judgment.[2] The City perfected this appeal.

## ANALYSIS

The City argues the trial court erred in denying its plea to the jurisdiction because Herrera did not state sufficient facts to establish a proper waiver of governmental immunity. It also contends maintenance of the monument was a governmental function, not a proprietary function, and given the absence of a Texas Tort Claims Act ("TTCA") waiver, it is immune from suit.

### Standard of Review

Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A plea to the jurisdiction challenges a court's authority to determine the subject matter of the action. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 387 (Tex. App.—Fort Worth 2008, no pet.) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). Therefore, a claim of governmental immunity is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226.

Whether a court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction are questions of law. *Id.*; *Perez v. City of Dallas*, 180 S.W.3d 906, 909 (Tex. App.—Dallas 2005, no pet.). Accordingly,

---

[2] As a general rule, an appellate court does not have jurisdiction to hear appeals from denials of motions for summary judgment. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966); *William Marsh Rice University v. Coleman*, 291 S.W.3d 43, 45 (Tex. App.—Houston [14th Dist.] 2009, pet. dismissed). The Legislature created an exception to this general rule for officers or employees of the state or a political subdivision of the state. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (allowing appeal of interlocutory order that denies motion for summary judgment based on assertion of immunity by individual who is officer or employee of state or political subdivision of state). Because this exception does not apply in this case, we will only address the arguments on the plea to the jurisdiction, and not those related to the motion for summary judgment. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (noting in plea to jurisdiction, court must confine itself to evidence relevant to jurisdictional issue).

an appellate court should review de novo a challenge to the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226; *Perez*, 180 S.W.3d at 909.

A court is not required to look solely to the pleadings; rather, it may consider evidence and must do so when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In reviewing a plea to the jurisdiction where, as here, evidence is submitted that implicates the merits of the case, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See Miranda*, 133 S.W.3d at 227–28. This standard generally mirrors our summary judgment standard under Texas Rule of Civil Procedure 166a(c), and the burden is on the governmental unit as movant to meet the standard of proof. *Id.* at 228. After the governmental unit asserts and provides evidentiary support for its plea, the nonmovants are required to show *only that a disputed material fact issue exists*. *Id.* (emphasis added); *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issues, the trial court rules on the plea as a matter of law. *Miranda*, 133 S.W.3d at 228.

### *Application*

The threshold question in this case is whether the City retained governmental immunity, or whether Herrera established a waiver of the City's immunity. Determining a municipality's immunity from suit is a two-step inquiry. *Ethio Express Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 754 n. 4 (Tex. App.—Houston [14th Dist.] 2005, no pet.). First, we determine whether the function is governmental or proprietary. *Id.*; *Dalon v. City of DeSoto*, 852 S.W.2d 530, 536 (Tex. App.—Dallas 1992, writ denied); *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex. App.—Fort Worth 1991, no writ). If it is governmental, the second step is to

determine whether immunity is waived under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a),(b) (listing governmental functions for which immunity is waived); *Ethio Express Shuttle Serv., Inc.*, 164 S.W.3d at 754 n. 4; *Dalon*, 852 S.W.2d at 536; *McKinney*, 814 S.W.2d at 865.

Before turning to the specific conduct Herrera alleged as the basis of his tort claims (i.e. the negligent operation of a motor vehicle by an alleged city employee), the court must first consider the context in which the conduct occurred. The context in which the conduct occurred—and the backdrop for Herrera's claims—is the maintenance of the monument. Thus, the threshold question for this court to determine is whether the maintenance of the monument is a governmental or a proprietary function.

A municipality is not immune from suit for torts arising from the exercise of its proprietary functions, but it is generally immune from suit and liability for torts arising from the exercise of its governmental functions, except for the limited waiver provided by the TTCA. *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006); TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a),(b) ("A municipality is liable under this chapter for damages arising from its governmental functions. . . . This chapter does not apply to the liability of a municipality for damages arising from its proprietary functions. . . ."). The key difference between a proprietary and a governmental function is that a municipality functions in its governmental capacity when it performs functions mandated by the State for the public benefit. *Tooke*, 197 S.W.3d at 343 (quotation omitted); *Temple v. City of Houston*, 189 S.W.3d 816, 820 (Tex. App.—Houston [1st Dist.] 2006, no pet.). More specifically, proprietary functions are those that a municipality may, in its discretion and in its private capacity, perform in the interest of the inhabitants of the municipality. TEX. CIV. PRAC. & REM. CODE §101.0215(b).

The City contends the repairing of the monument is equivalent to the maintenance of a municipal park, which is covered under section 101.0215. The City also alleges Britton Avenue is a park or parkway alternatively, and therefore the repair of the monument was a governmental function.[3]

After the City asserted and provided this evidentiary support for its plea, Herrera, as the nonmovant, was only required to show that a disputed material fact issue exists. *See Miranda*, 133 S.W.3d at 228. We hold Herrera met this burden through evidence from the City's representative, Valerie Brown-Garza, who testified in a deposition that the monument's location was not a park. During her deposition, Herrera's counsel asked Brown-Garza numerous times whether the area where the monument is located, Britton Avenue, is a park:

> Q. [HERRERA'S ATTORNEY]: … I mean, Britton Avenue is not a park is it?
>
> [CITY'S ATTORNEY]: Objection, form.
>
> A. [BROWN-GARZA]: Huh-uh.
>
> Q. [HERRERA'S ATTORNEY]: Okay. It's not a park, is it?
>
> [CITY'S ATTORNEY]: Objection, form. Go ahead and answer, to the extent you believe you understand.
>
> A. [BROWN-GARZA]: No, sir.
>
> …
>
> Q. [HERRERA'S ATTORNEY]: … Now, you've told me, and I've asked you several times, that Britton Avenue is not a park, correct?
>
> A. [BROWN-GARZA]: Uh-huh.
>
> …
>
> Q. [HERRERA'S ATTORNEY]: Okay. You've mentioned to me a couple of times, when I've asked you whether or not Britton Avenue is a park, and you've told me no?

---

[3] The City also states that because Britton Avenue is a park, any actions relating to the monument constitute a governmental function under TEX. CIV. PRAC. & REM. CODE §101.0215(a)(23), relating to recreational facilities. However, the City fails to argue how the monument or its location constitutes a "recreational facility" under the Code.

[CITY'S ATTORNEY]: Objection, form.

[HERRERA'S ATTORNEY]: Have — is that what you've answered to my question?

[CITY'S ATTORNEY]: Objection, form.

A.   [BROWN-GARZA]: It's never been identified as a park.

…

Q.   [HERRERA'S ATTORNEY]: … you work here at the City, you work for the Development Corporation, you were in charge of the restoration project.  It's not a park, is it?

[CITY'S ATTORNEY]: Objection, form.

A.   [BROWN-GARZA]: (Moving head side to side)

Q.   [HERRERA'S ATTORNEY]: No, right?

A.   [BROWN-GARZA]: Huh-uh.

At oral argument, the City's attorney asserted Brown-Garza was not a representative of the City.   However, during her deposition, the City's attorney said in response to Herrera's counsel's assertion that he had asked to depose a representative of the City and they produced Brown-Garza:

> [CITY'S ATTORNEY]: The reason we identified her was because you had asked for somebody who would have most knowledge of the 2010 project involving the restoration of the Britton Avenue.
> …
>
> [CITY'S ATTORNEY]: … Whatever she speaks, whatever she says, as a practical matter, I think she is speaking – for practical purposes – I think she's – her comments could be attributed to the City.

Accordingly, this court may view Brown-Garza's assertions as those from the City's representative or agent.   Thus, we hold her testimony raises a disputed material fact issue regarding whether the monument's repair can be classified as park maintenance under section

101.0215(13) of the Code, and thus, whether it was a proprietary or governmental function. *See id.*

Finally, the City argues that even if the location of the monument is not a park or parkway, the activities of the City in repairing the monument constitute community development or urban renewal activities, defined as governmental function under §101.0215(a)(34). The Code requires a municipality to undertake these community development or urban renewal activities to constitute a governmental function. However, in its briefing and during oral argument, the City's counsel stated Noel Garcia was retained to stabilize the monument by the City of Rio Grande City Economic Development Corporation, not by the City. Therefore, we hold the City has failed to conclusively establish, as a matter of law, that the monument's repair constitutes a governmental function. *See also* TEX. LOCAL GOV'T CODE § 373.005 (noting community development program must be adopted *by municipality* by ordinance or resolution) (emphasis added). Accordingly, we hold the trial court correctly denied the City's plea to the jurisdiction.[4]

## CONCLUSION

Based on the foregoing, we affirm the trial court's denial of the City's plea to the jurisdiction.

Marialyn Barnard, Justice

---

[4] Given our holding on the issue of whether the monument's repair was a governmental or proprietary function, we need not reach the issue of waiver.