

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00002-CV

FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY, Appellant

V.

CRISTIL ROGERS, Appellee

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 82106

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Farm Bureau County Mutual Insurance Company has filed an appeal from the denial of its motion for summary judgment. Farm Bureau had filed a petition for declaratory judgment asking the trial court to declare that it had no duty to defend its insured, Cristil Rogers, from suit. Rather than requesting a hearing and that judgment be entered, which would have created a final, appealable judgment, the insurer filed a motion for summary judgment. Had it been granted, it would have been final and thus appealable. However, it was not granted, but was instead denied.

There are no crossing summary judgment motions in this case—which is the only situation where a denial may in fact be an appealable order.[1] The grant of relief for one and denial of relief for the other is treated as constituting a final and appealable ruling. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). In such an instance, we would review the summary judgment evidence presented by each party, determine all questions presented, and render judgment as the trial court should have rendered. *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997).

In response to a defect letter sent by this Court, the insurer argued that since the summary judgment denied its motion and found Farm Bureau had a duty to defend and indemnify, it is in effect a final judgment because it provides relief to the other side.

Here, we are confronted with a direct denial of a single motion for summary judgment. Except as mentioned above, a denial of a motion for summary judgment is not a final judgment and is therefore not appealable. *Tex. Mun. Power Agency*, 253 S.W.3d at 192; *Cincinnati Life*

---

[1] Other exceptions are created by Section 51.04(a)(5) and (6) of the Texas Civil Practice and Remedies Code, but they are not relevant in this situation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5)–(6).

*Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *William Marsh Rice Univ. v. Coleman*, 291 S.W.3d 43, 45 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd). Courts have never taken the position that the normal effect of the denial—to militate in favor of the opposing party—will make the judgment final and appealable. At this juncture, confronting the denial of its motion for summary judgment, the insurer's relief is to seek a trial on the merits.

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:      February 25, 2014
Date Decided:        February 26, 2014